**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | | |
|---|---|---|
| THEODORE JOSEPH ROBERTS, et. al. | : | Case No. 2:20-CV-00054-WOB |
| Plaintiffs | : | |
| v. | : | |
| ROBERT NEACE, et. al. | : | |
| Defendants | : | |

**DECLARATION OF SALLY O'BOYLE**

Pursuant to 28 U.S.C. §1746, the undersigned, Sally O'Boyle, makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct and based upon my personal knowledge:

1. My name is Sally O'Boyle, and I am one of the Plaintiffs in this action. I reside in Morehead, Kentucky.

2. I am a practicing Christian with the sincerely held religious belief that in-person attendance at church is required by sacred Scripture, especially during Holy Week and culminating in the celebration of Easter. I regularly attend church.

3. I have witnessed Governor Beshear's daily briefing to the press during the Coronavirus outbreak. I have witnessed more than 10 people gather *every day* in Frankfort for more than an hour (the Governor, his staff, and more than 10 reporters) and where it appears that people are closer than six feet together.

4. On Sunday April 12, 2020, Easter Sunday, I attended the church service at Maryville Baptist Church, in Hillview, Bullitt County, Kentucky. I did so pursuant to my sincerely held religious belief that in-person church attendance was required, particularly on Easter Sunday.

5. While at the service, I followed appropriate social distancing and other measures in accordance with CDC Guidelines.[1]  Among other things, I sat at least six feet away from the other congregants at the service.  I wore a mask to this service.  I did not have personal contact with any others attending.  The service was not, leaving plenty of space for people to spread out, which they did.

6. Church leadership appeared to take the COVID issue seriously, in that they had the choir and other celebrants of the service spaced six feet apart, and it appeared that the church interior had been sanitized prior to the service.

7. It is my understanding that no member of the Maryville Baptist Church has been diagnosed with COVID-19.  It is also my understanding that no one attending the Easter service has COVID-19.   I have never received a diagnosis of COVID-19 and I have no symptoms that would concern me for such a diagnosis.

8. After I exited the service, we each found on our windshields the following notice ("Quarantine and Prosecution Notice"), placed there by Kentucky State Troopers:

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/community/organizations/index.html (last visited 4/13/2020); https://www.cdc.gov/coronavirus/2019-ncov/community/organizations/guidance-community-faith-organizations.html (last visited 4/13/2020).



9. In fact, that Quarantine and Prosecution Notice was placed on every car windshield in the parking lot.

10. Among other things, the Quarantine and Prosecution Notice requires a two week self-quarantine by, and threatens criminal prosecution of, any vehicle occupant and anyone in the occupant's household.   It does so regardless of whether: (i) any Plaintiff has contracted the disease; (ii) there is any particular assessment of the likelihood of contracting the disease from the activity in question; and (iii) any Plaintiffs took the CDC recommended safety precautions so as to make their contracting the disease unlikely.

11. I have not displayed any symptoms of the COVID-19 disease and, to the best of my knowledge, I do not have the COVID-19 disease.

12. Unless or until I have a diagnosis of COVID-19, which I do not have, or I have symptoms associated with it, I refuse to self-quarantine.

13. In light of the Quarantine and Prosecution Notice, I reasonably fear prosecution as a result of having attended church on Easter Sunday, and as a result of attending further church services as my faith requires of me.

14. I also fear prosecution, and/or the equivalent of house arrest with quarantine, in light of the same Quarantine and Prosecution Notice.

15. The Travel Ban, Quarantine and Prosecution Notice, and other executive orders issued by the Governor, do not provide a process by which the individual Kentuckian will be notified if they are charged or accused of a violation of the orders, do not provide any mechanism to challenge or appeal any such determinations, and do not provide any process at all to challenge the facts and circumstances of such orders.

16. The Travel Ban, Quarantine and Prosecution Notice, and other executive orders issued by the Governor, do not provide any right or opportunity for the individual Kentuckian to be heard if the individual is ordered to be quarantined, or detained, or otherwise punished for violating the Travel Ban.  These executive orders do not provide the individual Kentuckian with a right to be heard by a fair and independent tribunal if the citizen is ordered to be quarantined, or detained, or otherwise punished for violating the orders. The executive orders provide no right to appeal a quarantine, detention, or punishment.

17. The executive orders do not provide Kentuckians with the right to present evidence, the right to know the evidence opposing them, the right to cross-examine, the opportunity for counsel, or the right to have a record.

5

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on: 4-17-2020  _____