IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO.: 20-cv-00054-WOB-CJS

BRIANNA ROBERTS;
KISHA ROBERTS;
THEODORE J. ROBERTS;
RANDALL DANIEL; AND
SALLY O'BOYLE                                                                                    PLAINTIFFS

VS.             MEMORANDUM OPINION AND ORDER

ANDREW G. BESHEAR,
in his official capacity
as GOVERNOR OF KENTUCKY;
ERIC FRIEDLANDER, in his official
capacity as Secretary for the Cabinet
for Health and Family Services                                                          DEFENDANTS.

This is a 42 U.S.C. 1983 action filed by Plaintiffs Brianna, Kisha, and Theodore J. Roberts; Randall Daniel; and Sally O'Boyle. Plaintiffs brought this action against Defendants[1] Kentucky Governor Andy Beshear and Secretary for the Kentucky Cabinet for Health and Human Services Eric Friedlander for alleged deprivations of constitutional rights cause by Governor Beshear's COVID-19 executive orders.

Last October, the Sixth Circuit remanded this action for this Court to determine whether the case was now moot. If this Court determined the case was live, it was instructed to make a subsequent ruling on the merits. *Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 566 (6th Cir. 2020).

---

[1] In December 2020, the Court, upon agreed order of the parties, dismissed Boone County Attorney Robert Neace from the action. (Doc. 83). In the order, Neace agreed "to be bound by any orders issued by the Court, including those for declaratory and injunctive relief." *Id*.

1

This matter is before the Court on two motions. Governor Beshear moves this Court to grant his motion to dismiss. (Doc. 88). And the Plaintiffs move this Court to grant their motion for summary judgment and enter a permanent injunction. (Doc. 89). The Court now issues the following Memorandum Opinion and Order.

***Factual and Procedural Background***

**A. Challenged Restrictions**

On March 6, 2020, Kentucky Governor Andrew Beshear began issuing a series of Executive Orders placing restrictions on Kentucky citizens as part of an effort to slow the spread of the COVID-19 virus in the Commonwealth. (Doc. 6 at 5-7)

As relevant here, on March 19, 2020, Governor Beshear issued an Executive Order prohibiting all "mass gatherings." *Id*. at Exh. D. The Order states: "Mass gatherings include any event or convening that brings together groups of individuals, including, but not limited to, community, civic, public, leisure, faith-based, or sporting events; parades; concerts; festivals; conventions; fundraisers; and similar activities." It further states that mass gatherings do not include "normal operations at airports, bus and train stations, medical facilities, libraries, shopping malls and centers, or other spaces where persons may be in transit," as well as "typical office environments, factories, or retail or grocery stores where large numbers of people are present but maintain appropriate social distancing." *Id*.

Subsequent Executive Orders closed non-life-sustaining retail businesses; banned most elective medical procedures; shut down additional businesses for in-person work; and placed further restrictions on retail establishments that could remain open. *Id*. at 6-7.

On March 30, 2020, the Governor issued an Executive Order banning Kentucky residents from travelling out of state, except when required for employment; to obtain groceries, medicine,

or other necessary supplies; to seek or obtain care by a licensed healthcare provider; to provide care for dependents, the elderly, or other vulnerable person; or when required by court order. *Id*. at Exh. H. The Order also required any Kentuckian in another state for reasons other than those set forth in the exceptions to self-quarantine for fourteen days upon returning to Kentucky. *Id*.

Finally, on April 2, 2020, Governor Beshear issued an additional Executive Order expanding the travel ban to require residents of states other than Kentucky who travel into the Commonwealth for reasons outside the above exceptions also to self-quarantine for fourteen days. *Id*. at Exh. I.

**B. Bases for Plaintiffs' Claims**

Notwithstanding the ban on mass gatherings, on Easter Sunday, April 12, 2020, Plaintiffs attended in-person church services at Maryville Baptist Church in Hillview, Bullitt County, Kentucky. *Id*. at 7. Plaintiffs allege that they did so in accord with their sincerely held religious beliefs that in-person church attendance was required and observed appropriate social distancing and safety measures during the service. *Id.*

Upon exiting the church, Plaintiffs found on their vehicle windshields a Notice informing them that their presence at that location was in violation of the "mass gathering" ban. *Id*. at 8. Plaintiffs allege that the notices were placed there by the Kentucky State Police at the behest of Governor Beshear, who stated that he was going to target religious services for such notices. *Id*. at 9.

The Notice states that the recipient is required to self-quarantine for fourteen days and that the local health department will send them a self-quarantine agreement. In bold, the notice continues: "Failure to sign or comply with the agreement may result in further enforcement measures," and "Please be advised that KRS 39A.990 makes it a Class A misdemeanor to violate

3

an emergency order." *Id*. at 8. Plaintiffs later received such documentation from the Kentucky Cabinet for Health and Family Services, Department for Public Health. (Doc. 37 at 5-6).

Regarding the travel ban, Roberts alleges that the ban prevented him from travelling to Ohio and Indiana for a variety of personal reasons that do not fall within the exceptions found in Governor Beshear's orders. (Doc. 6 at 10).

**C. This Court's May 4, 2020 Ruling and Subsequent Appellate Rulings**

In May 2020, this Court granted and denied in part Plaintiffs' motion for a preliminary injunction. (Docs. 46 and 47). In its Memorandum Opinion, this Court determined that: (1) Plaintiffs could not demonstrate a likelihood of success for its First Amendment claim; and (2) the travel ban deprived Plaintiffs of procedural due process and was not narrowly tailored to achieve the government's purpose. *Roberts v. Neace*, 457 F. Supp. 3d 595, 602-03 (E.D. Ky. 2020).

Plaintiffs immediately appealed the adverse action to the United States Court of Appeals for the Sixth Circuit. (Doc. 48). On appeal, the Sixth Circuit granted the Plaintiffs an injunction pending appeal. *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020). It ruled that the "Governor and the other defendants are enjoined, during the pendency of this appeal, from enforcing orders prohibiting in-person services at the Maryville Baptist Church if the Church, its ministers, and its congregants adhere to the public health requirements mandated for 'life-sustaining' entities." *Id*. at 416.

Five months later, the Sixth Circuit issued an opinion on Plaintiffs' appeal. In its ruling, it remanded the case to this Court to determine "whether the cases are moot in light of [Governor Beshear's] recent orders or whether subsequent legal developments require [it] to revisit the orders." *Maryville*, 977 F.3d at 566. Now, those issues are squarely before this Court.

*Analysis*

"Article III of the United States Constitution empowers the judiciary to adjudicate only actual cases and controversies, and not to issue advisory opinions." *Ala. Power Co. v. Clean Earth Ky., LLC*, 312 Fed. App'x 718, 719 (6th Cir. 2008) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988)). Because of this, a federal court may not "give opinions upon moot questions or abstract propositions, or ... declare principles or rules of law which cannot affect the matter in issue in the case before it." *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)).

Plaintiffs argue that the "voluntary cessation" doctrine should prevent a mootness ruling by this Court. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). In this, they argue that "Governor Beshear has failed to meet his burden that it is "absolutely clear" he will not reimpose these unconstitutional edicts . . ." and that his "mere lifting of these edicts, [coupled with] his record of requests to reimpose those edicts, does not come close to meeting his heightened burden. Governor Beshear has 'neither asserted nor demonstrated that [he] will never resume the complained of conduct.'" (Doc. 89 at 18) (internal citations omitted).

Likewise, Plaintiffs argue the "capable of repetition, yet evading review" exception applies. Since COVID-19—and its ever-changing and mutated strains—is a highly communicable disease that still plagues the Commonwealth, Plaintiffs argue that "it is entirely reasonable to assume [subsequent COVID waves will occur] and that . . . unconstitutional bans may be repeated." (Doc. 89 at 22).

5

If the facts were the same as they were when the parties initially briefed these issues, this would be the case. *Cf. Resurrection Sch. v. Hertel*, No. 20-2256, 2021 WL 3721475, at *7-10 (6th Cir. Aug. 23, 2021) ("We conclude that Defendants cannot meet the heavy burden of establishing that it is 'absolutely clear' that they will not reimpose a mask requirement … [And] 'the COVID-19 pandemic continues to constitute an epidemic'[,] . . . [which] is sufficient to establish that Plaintiffs' claims are capable of repetition, yet evading review."). However, the facts today are not the same as they were last winter.

During the 2021 legislative session, the Kentucky Senate passed two bills (Senate Bills 1 and 2), and the House passed a bill (House Bill 1) and a Joint Resolution, which collectively amended KRS 39A, placing limits on the Governor's authority to issue Executive Orders and regulations relating to the COVID-19 pandemic. The Governor vetoed each of these measures, but his vetoes were overridden by the General Assembly and the measures became law. *Oswald v. Beshear*, No. 2:21-cv-00096, 2021 WL 3698383, at *2 (E.D. Ky. Aug. 19, 2021) (internal citations omitted).

House Joint Resolution 77 provided that all COVID-19 related executive orders, unless specifically ratified by that resolution, were no longer in force or effect. *Id*. Next, Senate Bill 1 amended KRS 39A.090(3) to provide that once an executive order declaring a state of emergency has expired, the Governor "shall not declare a new emergency or continue to implement any of the powers enumerated in this chapter based upon the same or substantially similar facts and circumstances as the original declaration or implementation without the prior approval of the General Assembly." *Id*.

As announced by this Court last week, and by the Kentucky Supreme Court this past weekend, these lawful measures taken by the General Assembly presumably indefinitely limit

6

Governor Beshear's authority to issue Executive Orders and regulations relating to the COVID-19 pandemic. *Id*. at 1-3 ("The Executive Branch cannot simply ignore laws passed by the duly-elected representatives of the citizens of the Commonwealth of Kentucky."); *Cameron v. Beshear*, No. 2021-SC-0107-I, 2021 WL 3730708, at *6 (Ky. August 21, 2021) ("[T]his Court has been explicit that the Governor's powers, except in a limited number of instances expressly set forth in the Constitution, derive from statutes passed by the General Assembly."). Even if Governor Beshear wanted to invoke another mass gathering ban that effectively shut down in-person church worship, or issue another travel ban, the measures taken by the General Assembly prevent him from lawfully doing so. Given these subsequent legal developments, the Plaintiffs' claims are now moot.

Briefly, the Court also addresses the Plaintiffs' claims that their continued threat of prosecution prevents the Court from issuing a mootness ruling. Ky. Rev. Stat. Ann. § 446.110 (explaining that the repeal of an executive order does not vacate prior offenses against it); *See Ramsek v. Beshear*, 989 F.3d 494, 500 (6th Cir. 2021). All parties agree that Plaintiffs violated an executive order, a misdemeanor under KRS 39A.990. With that being said, the statute of limitations period for bringing charges against Plaintiffs ran some months ago. KRS 500.050(2) ("[T]he prosecution of an offense other than a felony must be commenced within one (1) year after it is committed."). And because of this, Plaintiffs can no longer seek recourse under the "threat of future prosecution" exception to mootness.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that: (1) Governor Beshear's motion to dismiss (Doc. 88) be, and is hereby, **GRANTED;** and (2) Plaintiffs' motion for summary judgment requesting a permanent injunction (Doc. 89) be, and is hereby, **DENIED**. A separate judgment shall enter concurrently herewith.

This 26th day of August 2021.



Signed By:
William O. Bertelsman   WOB
United States District Judge