IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:20-CV-054 (WOB-CJS)

THEODORE JOSEPH ROBERTS,
ET AL.                                                    PLAINTIFFS,

VS.                    MEMORANDUM OPINION AND ORDER

HON. ANDREW BESHEAR,
ET AL.                                                    DEFENDANTS.

This matter is before the Court on plaintiffs' motion for attorney fees and costs under 42 U.S.C. § 1988 and for return of their bond. (Doc. 110). For the reasons that follow, the Court finds that the motion should be granted in part and denied in part.

*Factual and Procedural Background*

The factual and procedural history of this case is discussed at length in this Court's prior opinion, *Roberts v. Beshear*, No. 20-CV-00054 WOB-CJS, 2021 WL 3827128 (E.D. Ky. Aug. 26, 2021). However, a few salient points bear reiterating for the purpose of this analysis.

On April 14, 2020, plaintiffs brought this suit seeking declaratory and injunctive relief under 42 U.S.C. § 1983 against two executive orders issued by Kentucky Governor Andrew Beshear which restricted mass gatherings and out-of-state travel in the

1

early weeks of the COVID-19 pandemic. (Doc. 6). Notably, on Easter Sunday, April 12, 2020, plaintiffs had attended in-person church services and, following those services, found a Notice on their vehicle informing them that their presence at that location was in violation of the "mass gathering" ban and that such violation of an emergency order was a Class A misdemeanor under KRS 39A.990. (*Id.* at ¶¶ 27, 32).

On May 4, 2020, this Court granted a merits-based preliminary injunction against the order restricting out-of-state travel and denied relief as to the order restricting in-person attendance at church services. (Doc. 46; Doc. 47). Plaintiffs immediately appealed and, on May 9, 2020, the Sixth Circuit Court of Appeals granted a merits-based injunction pending appeal regarding the prohibition of in-person church services. *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020).

The Sixth Circuit remanded the case to this Court in October 2020 to determine whether the case was moot. *Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 566 (6th Cir. 2020). On August 26, 2021, this Court dismissed the case as moot because legislation passed during the 2021 session by the Kentucky General Assembly restricted the Governor's authority to issue executive orders related to the pandemic. (Doc. 106 at 6-7). The Court also noted that the statute of limitations period for bringing criminal

charges against plaintiffs for violating the executive order had run. (*Id.* at 7). On September 30, 2021, plaintiffs filed a motion for attorney fees and costs and for return of their bond. (Doc. 110).

## *Analysis*

In any action under 42 U.S.C. § 1983, a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). A "prevailing party" under § 1988 must "'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If a party is entitled to attorney's fees, any fee awarded must be reasonable, meaning that it "is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

A. **Prevailing Party**

In cases where, as here, plaintiffs obtain only preliminary injunctions before the case is dismissed as moot, courts should apply a "case-specific inquiry" to determine whether the plaintiff was a prevailing party. *Miller v. Caudill*, 936 F.3d 442, 448 (6th

Cir. 2019). "[W]hen a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under § 1988." *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010). However, attorney's fees may be awarded where a plaintiff demonstrates "court-ordered, material, enduring change in the legal relationship between the parties." *Caudill*, 936 F.3d at 448 (citing *id.* at 597–98); *see also Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989) (finding that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.").

Here, plaintiffs argue that both the preliminary injunction and the injunction pending appeal in this case were granted on the merits and materially altered the legal relationship between the parties. (Doc. 110-1 at 6). Further, plaintiffs argue that this court-ordered change was irrevocable because the injunctions remained in place until enough time had passed to allow the statute of limitations to run, which permanently prohibited criminal prosecution for plaintiffs' violation of the executive order. (*Id.* at 7).

Defendants argue that plaintiffs are not the "prevailing party" for purposes of this analysis because they did not attain the declaratory or permanent injunctive relief requested in their

4

complaint. (Doc. 112 at 4). Defendants contend that the permanent relief received by plaintiffs came not from the Court, but from the actions of defendants and the Kentucky General Assembly in lifting the complained-of orders and passing legislation prohibiting new orders from being issued. (*Id.* at 9-10).

Both parties cite *McQueary v. Conway* in support of their arguments. In that case, the Sixth Circuit reversed a district court's denial of a plaintiff's motion for fees and costs under § 1988. *McQueary*, 614 F.3d at 604-05. The Sixth Circuit then remanded the case so that the district court could determine whether an exception to the general rule against awarding attorney's fees when only a preliminary injunction was obtained applied. *Id.* As examples of situations in which a preliminary injunction could confer prevailing-party status, the court cited cases in which a preliminary injunction allowed plaintiffs to protest at a specific convention, exclude a report from a hearing, and delay enforcement of a statute until a public referendum occurred. *Id.* at 599 (citing *Young v. City of Chicago*, 202 F.3d 1000 (7th Cir. 2000); *Watson v. Cnty. of Riverside*, 300 F.3d 1092 (9th Cir. 2002); *Grano v. Barry*, 783 F.2d 1104 (D.C. Cir. 1986)).

On remand, the district court determined that the plaintiff was not entitled to attorney's fees because his claim for permanent relief did not become moot when a particular event occurred.

5

*McQueary v. Conway*, No. 06-CV-24-KKC, 2012 WL 3149344, at *2–3 (E.D. Ky. Aug. 1, 2012), *aff'd*, 508 F. App'x 522 (6th Cir. 2012). There, the plaintiff sought to enjoin the defendant from enforcing prohibitions against protests at all funerals and did not seek to be allowed to protest at a specific time and place and, thus, his claim for permanent relief became moot only because the defendant voluntarily repealed the challenged provisions, not because of any court-ordered relief. *Id.* at *1–2 (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 600, 605 (2001)). However, the court noted that irrevocable relief sufficient to confer prevailing-party status can occur "where a plaintiff is granted preliminary injunctive relief that enjoins the government from acting at a particular time and place, [and] the preliminary relief becomes, in effect, permanent relief after the event occurs." *Id.* at *2–3.

Similarly, in *Miller v. Davis*, a court in this District found that a preliminary injunction does establish prevailing-party status in situations where the plaintiff "receives 'everything [that he or she] asked for in the lawsuit, and all that moots the case is court-ordered success and the passage of time.'" 267 F. Supp. 3d 961, 978 (E.D. Ky. 2017) (quoting *McQueary*, 614 F.3d at 599). In that case, the court found that where a preliminary injunction allowed the plaintiffs to receive non-revocable

6

marriage licenses, enduring relief sufficient to confer prevailing-party status under § 1988 had occurred. *Id.* at 984.

Here, plaintiffs have obtained a "court-ordered, material, enduring change in the legal relationship between the parties." *See Caudill*, 936 F.3d at 448. Although plaintiffs obtained some of the relief they sought when the complained-of orders were lifted and the General Assembly voluntarily prohibited the Governor from issuing new orders, neither of these governmental actions prohibited criminal prosecution for the violation that had already occurred when plaintiffs attended in-person church services on Easter Sunday 2020. (*See* Doc. 6 at ¶ 32; Doc. 63 at 2). Thus, plaintiffs only obtained irrevocable relief from criminal prosecution because the injunction remained in place until the statute of limitations for the violation ran, which made plaintiffs' relief permanent. *See McQueary*, 2012 WL 3149344, at \*2-\*3. Unlike in *McQueary*, plaintiffs here sought protection from prosecution for a specific violation, which was mooted by "court-ordered success and the passage of time." *See* 614 F.3d at 599. The injunction here was a judicially sanctioned material alteration of the legal relationship between the parties that "directly benefited" plaintiffs by prohibiting their criminal prosecution and that became irrevocable once the statute of limitations had run. *See id.* at 598.

7

Although defendants rely on a report and recommendation issued in *Maryville Baptist Church v. Beshear*, 3:20-cv-00278-DJH-RSE (W.D. Ky. June 16, 2022),[1] in support of their argument that plaintiffs' motion should be denied, (*see* Doc. 121 at 1), the Court finds that case distinguishable. In that case, the plaintiff church sought and received preliminary injunctive relief to permit it to continue its regular services for an indefinite period but did not seek injunctive relief regarding any specific service. (Doc. 121-1 at 8). Thus, that relief could have been revoked had the case not been dismissed as moot. (*Id.* at 9). However, here, plaintiffs sought relief from prosecution for a specific violation, which could not be revoked after the statute of limitations ran. (*See* Doc. 106 at 7). Thus, holding that the plaintiffs in this case are a prevailing party is not inconsistent with the report and recommendation in *Maryville Baptist*.

Although defendants argue that plaintiffs cannot be the prevailing party because they did not obtain the declaratory relief, permanent injunction, and certification of a class they requested in their complaint, (*see* Doc. 112 at 4), these unsuccessful requests do not bar prevailing-party status where a preliminary injunction has caused an enduring and material change in the parties' legal relationship. *See Davis*, 267 F. Supp. 3d at

---

[1] Notably, the district court judge in *Maryville Baptist* has not yet either adopted or rejected the magistrate judge's recommendation.

8

979-80 (finding prevailing-party status where plaintiffs had unsuccessfully requested permanent injunctive relief, class certification, declaratory judgment, trial by jury, and damages). "The Sixth Circuit did not instruct courts to score plaintiffs on the total number of successful requests for relief in their complaints, which often include boilerplate language." *Id.* at 979. Thus, "[a] plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *McQueary*, 614 F.3d at 603 (citing *Tex. State Tchrs. Ass'n*, 489 U.S. at 790-91). Accordingly, the Court finds that plaintiffs are prevailing parties.

B. **Reasonableness of Fees**

"When making a determination of a reasonable attorney fee, a district court begins by determining 'the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd*, 227 F.3d at 349). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). "The award-seeking party should submit evidence of the hours worked and the

9

rates sought." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016).

Here, plaintiffs request compensation for three attorneys totaling $302,890 through the filing of the reply in support of the present motion.[2] (Doc. 114 at 16). Plaintiffs also seek $1,427.85 in costs. (*Id.*). In support of these amounts, each attorney filed a time report, statement of their qualifications, and a declaration averring the accuracy of their billing. (Doc. 110-2; Doc. 110-3; Doc. 110-4). Additionally, plaintiffs submitted declarations from Jason Nemes and Jason Kuhlman, Kentucky attorneys who attest that the billed hours are reasonable and appropriate. (Doc. 110-5; Doc. 110-6).

Defendants argue that the awarded amount should be substantially reduced because plaintiffs achieved only limited success, the number of hours billed is unreasonable, and the hourly fee is exorbitant. (Doc. 112 at 12-23). The defendants in this case previously made similar arguments regarding fees for the same

---

[2] The attorneys calculated their lodestars as follows: Thomas Bruns: 143.4 hours at $425/hour plus 9.8 hours at $400/hour for a total of $64,865, (Doc. 110-3 at ¶ 23; Doc. 114-1 at ¶ 5); Christopher Wiest: 525.6 hours at $425/hour plus 14.3 hours at $400/hour for a total of $229,100,(Doc. 110-2 at ¶ 30; Doc. 114-2 at ¶ 2); Robert A. Winter, Jr.: 21.0 hours at $425/hour for a total of $8,925, (Doc. 110-4 at ¶ 19). The plaintiffs have requested $425 per hour for each attorney's work prior to the filing of the reply but have only requested $400 per hour for the 24.1 hours of work expended by Mr. Bruns and Mr. Wiest since then. (*See* Doc. 114 at 16). The basis for this distinction in hourly rates is unclear.

attorneys in *Ramsek v. Beshear*, No. 3:20-CV-00036-GFVT, 2022 WL 3591827 (E.D. Ky. Aug. 22, 2022), *appeal docketed*, No. 22-5856 (6th Cir. Sept. 26, 2022). Although this Court is not bound by the opinion in that case, the Court finds it persuasive on the issue of whether the requested attorney's fees are reasonable.

1. **Plaintiffs' Success**

Defendants first argue that plaintiffs did not achieve any success in this litigation after May 9, 2020, when the Sixth Circuit granted the injunction pending appeal. (Doc. 112 at 14-15). However, the Supreme Court has held that, in civil rights cases where the "plaintiff's claims for relief involve a common core of facts . . . counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. In those cases, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Here, the Court finds that a "common core of facts" gave rise to plaintiffs' claims for a permanent injunction against the challenged order prohibiting mass gatherings and for relief from prosecution for plaintiffs' violation of that order. *See id.* Plaintiffs' interest in avoiding prosecution was a primary driver of the continued litigation and was raised in status reports and

11

briefing until the case was dismissed as moot after the statute of limitations had run. (*See* Doc. 63 at 2; Doc. 89 at 16; Doc. 91 at 2; Doc. 98 at 1). Thus, defendants' argument that plaintiffs did not achieve success in this litigation after May 9, 2020, is misplaced as plaintiffs did not achieve freedom from the threat of prosecution for violation of the mass gathering ban until April 2021, when the one-year statute of limitations had run. (*See* Doc. 106 at 7).

Further, defendants moved to dissolve the preliminary injunction against the order prohibiting out-of-state travel on June 29, 2020, (Doc. 64), which was denied on August 11, 2020. (Doc. 67). Much as in *Ramsek*, where the defendants continued to litigate the case after the date on which they contended further attorney's fees should be denied, here, defendants continued to litigate the issues after May 9, 2020, which necessitated more work on behalf of plaintiffs' counsel. *See* 2022 WL 3591827, at *6. Thus, the Court will deny defendants' request to omit all fees charged by plaintiffs' counsel after May 9, 2020.

2. **Hours Billed**

Defendants' second argument is that the number of hours billed is unreasonable. (Doc. 112 at 17). Defendants argue that Mr. Wiest billed excessive hours when he worked 9.9, 13.4, 14, 12.8, and 10.1 hours on each of five consecutive days and 16.2 hours followed

12

by 13.9 hours on two other consecutive days. (*Id.*). Defendants also contend that the hours Mr. Wiest spent preparing and drafting the complaint and motion for a temporary restraining order are duplicative, given that both Mr. Bruns and Mr. Winter billed additional hours revising, reviewing, and commenting on those documents. (*Id.* at 18). Defendants also allege that the attorneys used block billing, 19 telephone conferences between Mr. Bruns and Mr. Wiest were excessive, and plaintiffs failed to apportion any of the billing to County Attorney Neace, who plaintiffs voluntarily dismissed from the case. (*Id.* at 18-19).

However, "[o]nce a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it." *Dowling v. Litton Loan Servicing, LP*, No. 05-CV-098, 2008 WL 906042, at *4 (S.D. Ohio Mar. 31, 2008) (citing *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008)). Like in *Ramsek*, where the court found that similar arguments concerning the number of hours Mr. Wiest worked were conclusory, here, defendants have proffered no supporting evidence to bolster their conclusory argument that Mr. Wiest's hours were excessive or that it was unreasonable for other attorneys to review and add to documents Mr. Wiest had already spent significant time preparing. *See* 2022 WL 3591827, at *7. This

13

is especially true because, as in *Ramsek*, *see id.*, here, two independent local attorneys concluded that the hours spent on this matter were reasonable and necessary. (Doc. 110-5 at ¶ 16; Doc. 110-6 at ¶ 17). Much as in that case, here, this matter was complex, as it involved the intersection of important issues of constitutional law and an unprecedented global pandemic. *See Ramsek*, 2022 WL 3591827, at *7.

Further, block billing, which involves identifying more than one task in a single billing entry, "is not *per se* improper; it can be sufficient if the description of the work performed is adequate." *Davis*, 267 F. Supp. 3d at 997 (internal quotation omitted). Here, the tasks defendants complained of, including "draft[ing], research[ing], and edit[ing]" specific documents, are sufficient to describe the work performed, particularly given the inherently intertwined nature of those tasks. Additionally, telephonic conferences between counsel are compensable and, given the complexity of this case, the Court does not find that the conferences between counsel here were excessive. *See Brown v. Ky. Legis. Rsch. Comm'n*, No. 13-68-WOB-GFVT-DJB, 2014 WL 12862253, at *6 (E.D. Ky. May 9, 2014), *report and recommendation adopted sub nom. Brown v. Kentucky*, 2014 WL 12862645 (E.D. Ky. July 28, 2014).

Although plaintiffs did not reduce their bills to apportion any of the fees to County Attorney Neace, who plaintiffs

14

voluntarily dismissed, this is not dispositive, particularly where, as here, the "plaintiff's claims for relief involve a common core of facts . . . [and] counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *See Hensley*, 461 U.S. at 435. As defendants note, Mr. Wiest spent time drafting and researching the inherently intertwined arguments made by and against all defendants simultaneously, (*see* Doc. 112 at 19), and those hours cannot be fairly or accurately divided. Defendants are correct that "courts have discretion to apportion fees," (*see id.*), and fees need not necessarily be apportioned among defendants. *See Brown*, 2014 WL 12862253, at *1 (citing a three-judge panel that refused to apportion fees against the various defendants); *Keith v. PSI Louisville, Inc.*, No. 3:14-CV-352-DJH, 2015 WL 7196621, at *1-2 (W.D. Ky. Nov. 16, 2015) (holding that it would not apportion attorney's fees among defendants under 15 U.S.C. § 1692k(a), which also allows discretionary attorney's fees). Thus, the Court finds the number of hours billed by plaintiffs' attorneys against the remaining defendants to be reasonable.

### 3. Hourly Fee

Finally, defendants argue that plaintiffs are seeking an exorbitant hourly fee. (Doc. 112 at 20). Although plaintiffs' offered lodestar calculations at both $400 per hour and $425 per

15

hour for each of the three attorneys in their motion, (Doc. 110-1 at 19), both Mr. Nemes and Mr. Kuhlman note that each attorney charged $400 per hour for all of their work in this matter. (Doc. 110-5 at ¶ 9; Doc. 110-6 at ¶ 8). Additionally, both Mr. Bruns and Mr. Winter only calculate their fees at $400 per hour in their declarations, (Doc. 110-3 at ¶ 23; Doc. 110-4 at ¶ 19), while Mr. Wiest provides calculations at both rates, (Doc. 110-2 at ¶ 30). Accordingly, the Court will disregard the request for $425 per hour.

Defendants argue that "[r]ecent awards in this District suggest a range between $170 and $350." (Doc. 112 at 23). Defendants also contend that a rate of $215 is appropriate, as that is what Dressman Benzinger & Lavelle, PSC charges the Commonwealth under a contract with a cap of $450,000. (*Id.* at 21–22; Doc. 112-1 at ¶ 4). Plaintiffs respond that rates of $400 per hour and above have previously been awarded in this District to partner-level counsel. (Doc. 114 at 15). Plaintiffs also argue that the $215 rate charged by Dressman Benzinger & Lavelle is inapposite, as that firm had "substantial, bulk, guaranteed paid legal work," while plaintiffs' attorneys here did not. (*Id.* at 14). Mr. Nemes and Mr. Kuhlman agree that $400 per hour is appropriate for each attorney. (Doc. 110-5 at ¶¶ 9-10; Doc. 110-6 at ¶ 8).

16

In *Ramsek*, the court addressed the same arguments made in favor of reducing the rates for the same attorneys. *See* 2022 WL 3591827, at *7–8. There, the court found that the "$215 per hour comparator is indeed inapposite because private practice, particularly solo private practice, is much different from 'bulk, guaranteed paid legal work.'" *Id.* at *8. The court in that case also reviewed a prior case from this Court, in which $375 per hour was awarded to Mr. Bruns and Mr. Winter and $350 per hour was awarded to Mr. Wiest. *Id.* (citing *Sweeney v. Crigler*, 2020 WL 7028703, at *1 (E.D. Ky. Nov. 30, 2020)). Thus, the court in *Ramsek* found that, in August 2022, a rate of $400 per hour was reasonable for Mr. Bruns and Mr. Winter and $375 per hour was reasonable for Mr. Wiest. *Id.*

Here, the Court agrees with the court in *Ramsek*. Because Mr. Winter and Mr. Bruns have thirty-four and thirty-one years of legal experience respectively, the Court finds that $400 per hour is appropriate for their work on this case. (*See* Doc. 110-5 at ¶ 8). Further, Mr. Wiest has sixteen years of legal experience, which makes a rate of $375 per hour appropriate as to his work. (*See id.*). These rates also account for the complexity of the issues in this case and are aligned with prior findings of this Court and other courts in this District.

*Conclusion*

Therefore, the Court will grant plaintiffs' motion with reduced fees as follows:

| Attorney | Rate | Hours | Lodestar |
| --- | --- | --- | --- |
| Thomas Bruns | $400/hour | 153.2 | $61,280.00 |
| Christopher Wiest | $375/hour | 539.9 | $202,462.50 |
| Robert A. Winter, Jr. | $400/hour | 21.0 | $8,400.00 |

Thus, the total award of attorney's fees is $272,142.50. Plaintiffs also seek $1,427.85 in costs and the return of the $1,000.00 bond, neither of which are disputed by defendants. (*See* Doc. 112). Therefore, having reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that:

(1) Plaintiffs' motion for attorney fees and costs (Doc. 110) be, and is hereby, **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) Defendants **SHALL PAY** Plaintiffs a total of **$272,142.50** in attorney's fees for the work performed by Thomas Bruns, Christopher Wiest, and Robert A. Winter, Jr., which includes the time spent preparing the briefing for the motion for attorney fees and costs;

(b) Defendants **SHALL PAY** Plaintiffs a total of **$1,427.85** in litigation costs; and

(2) Plaintiffs' motion for return of bond be, and is hereby, **GRANTED**.

This 29th day of September 2022.



Signed By:
*William O. Bertelsman*
United States District Judge